CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE,
v. SANITARY AND IMPROVEMENT DISTRICT No. 287
OF DOUGLAS COUNTY, NEBRASKA, APPELLANT.
DAIN, KALMAN & QUAIL MUNICIPAL-NEBRASKA, INC.,
APPELLEE AND CROSS-APPELLANT, v. SANITARY AND
IMPROVEMENT DISTRICT No. 287 OF DOUGLAS COUNTY,
NEBRASKA, ET AL., APPELLANTS AND CROSS-APPELLEES.

334 N.W.2d 429

Filed July 22, 1983. Nos. 82-149, 82-150.

Thomas J. Guilfoyle of Thomas J. Guilfoyle, P.C., for appellant S.I.D.

Herbert M. Fitle, City Attorney, and Charles K. Bunger, for appellee City.

Kenneth C. Stephan of Knudsen, Berkheimer, Richardson & Endacott, for appellee Dain, Kalman & Quail.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

On the court's own motion the following portion of its opinion found at *ante* p. 371, 377, 334 N.W.2d 429, 433 (1983), will be deleted:

"Not only does DKQ fit within this statute but, also, it may find standing under the general rule of law. DKQ has acted as the fiscal agent of S.I.D. since it was formed. As such, DKQ has underwritten construction warrants which have enabled the district to erect improvements. In order to retire the warrants, bonds must be issued to replace them. To enable the district to do so, revenue must be raised, by way of special assessments, to create a

sinking fund to support this bond issue. In order to retire these warrants underwritten by DKQ, sufficient funds must be raised by way of special assessments by the district. This gives DKQ an interest, and it may suffer an injury different from that of the general public.

"To have standing in a matter, the party involved must only show this, that is, an interest in the matter of the possibility of an injury that is different from that of the general public. *First Fed. Sav. & Loan Assn. v. Department of Banking*, 187 Neb. 562, 192 N.W.2d 736 (1971). DKQ's interest in this case is different from the general public's, in that it is in the position of a guarantor on these warrants which are to be retired by special assessment revenues. As such, it has standing to question the determination of what is generally and specially assessed in this case."

MOTION FOR REHEARING OVERRULED.